United States District Court
Southern District of Texas
FILED

AUG 0 4 2010

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Elimelech Shmi Hebrew, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 09-CV-3274 |
| | § | |
| HOUSTON MEDIA SOURCE, INC., | § | |
| Defendant. | § | |

## MOTION FOR RECONSIDERATION

I Elimelech Shmi Hebrew the plaintiff henceforth known as Hebrew and or the plaintiff request that this court rescind its decision to grant the defendant's Motion for Summary Judgment (Docket Entry No. 14); due to the facts I shall establish here in this motion for reconsideration appeal before the court. I am confident the facts shall support my request as well as validate the legitimacy of my Section 1983 claim against the defendant proving a colorable, non-speculative argument that the defendant's summary judgment evidence is false. Affording this court the justification and legal authority to recant its denial of my Motion for Judgment on the Pleading; and grant my Motion for Summary Judgment (Docket Entry No. 20).

## I.  Legal Standards

I Hebrew in all due respect to the court emphatically and scrupulously disagree with this court decision to deny as moot my motion for judgment on the pleading affirming in its decision court foot note [28] stating:

> "The court notes, however, that Plaintiff's complaint does not allege state action or even mention the City of Houston or any other governmental entity, as would be required for successful claim under Section 1983."

I Hebrew the plaintiff did not allege state action or mention the City of Houston or any other governmental entity in my original complaint because I had no idea at whatsoever of who are what entities beside the defendant Houston Media Source were involved in this litigation. It was not until after I filed my complaint **pro se** against the defendant Houston Media Source that I was given the Court Orders and Rule F.R.C.P that I began to understand the requirements necessary for me to be successful in my litigation against the defendant Houston Media Source under Section 1983.

In my pursuit to execute the appropriate evidence and facts to be successful in this case as well as to abide by the Court Orders I began to independently investigate the defendant Houston Media Source's business associations and its affiliates. In hopes that I could present the undeniable evidence and facts to support my claims against the defendant Houston Media Source the City of Houston, Houston City Council and all other government officials and affiliates that were and are involved in this litigation. I was prepared to present my newly discovered evidence before the Court and Judge Sim Lake slated February 5, 2010[1] the defendant did not meet for the Ordered Conference And Disclosure Of Interested Parties nor was I supplied with the Joint Discovery Case/Management Plan Under Rule 26(f) Federal Rules of Civil Procedure the defendant did not comply with the court orders in pursuit to sabotage my defense. Thus I state categorically the defendant has grossly deprived me of my right to a fair trail and due process vitally crippling my lawsuit.

---

[1] See Order of Conference and Disclosure of Interested Parties 1, ¶2

## Summary Judgment

In pursuant to these facts stated before the court and the evidence I supplied to the court concerning the fact that there was no move was ever made between I Hebrew and the defendant[2] nor was there a Court Ordered Conference And Disclosure Of Interested Parties filing nor the Joint Discovery Case/Management Plan Under Rule 26(f) Federal Rules of Civil Procedure which voids the defendant's right to a summary judgment motion. Moreover the court opinion on page 9 paragraphs 1, 2 and 3 confirms I the plaintiff assertion that the defendant's failure to comply with the Court Orders and the F.R.C.P deprived me of the opportunity to bring forth genuine factual evidence to successfully prove my case before the court via excerpts from pleading, depositions, answers to interrogatories, admissions that could have been obtained in Joint Discovery of which I was deceptively denied of through the defendant's manipulation and avoidance of the Court Orders that states:[3]

> "Failure to comply with this order may result in sanctions, including dismissal of the action and assessment of fees and costs."

The defendant did not comply with the court orders tampered with federal mail, falsified disclosure of interested parties information filed as court records, committed perjury before the court, presented tampered and false affidavit (s) which all is a violation of federal law and criminal offenses yet the court has yet to implement any sanctions against the defense.

## II. Analysis

The court finds on page 10 paragraph 2 claim the defendant is not a state actor. This court finding is not supported by any prior circuit court or Supreme Court case this court decision to consider that the defendant Houston Media Source is not a state actor is only an opinion not

---

[2] See Plaintiff's Reply to Defendant Houston Media Source Response ("Plaintiff Reply") 2, ¶6
[3] Id at footnote 1

affirmed by fact. Nonetheless the court due to its opinion has made the decision to negate the need to address the defendant's latter two arguments of which the defendant's arguments were and are unsupported by facts and false.

A. **Section 1983 Claims**

The court has agreed in paragraph 1 of page 10 continuing on page 11 that pursuant to my claims of the defendant violation of my right to freedom of speech pursuant to the First Amendment, the first prong of Section 1983 is satisfied.[4]

In accordance with deprivation of rights under the color of law pursuant to Section 242 of Title 18 makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States.

> For the purpose of Section 242, acts under "color of law" include acts not only done by federal, state, or local officials within the their lawful authority, but also acts done beyond the bounds of that official's lawful authority,
>
> **TITLE 18, U.S.C., SECTION 242**
>
> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States,

I stated before the court in my response to the defendant motion for judgment on the pleading and/or summary judgment in paragraph 1 page 1 that the city of Houston, and other local governmental authorities commissioned the defendant's offending state action which deprived of my rights, privileges and immunities secured and protected by the Constitution and laws of the United States. The fact that support my claims that the City of Houston then Mayor Bill White, the City of Houston Council members Peter Brown atlarge1, Sue Lovell atlarge 2,

---

[4] See Memorandum opinion at 11, ¶1

Melissa Noriega at large 3, Ronald Green at large 4, Jolanda "Jo" Jones at large 5, Toni Lawrence district a, Jarvis Johnson district b, Anne Cluttebuck district c, and the Director of the Administration and Regulatory Service Utility Regulation Affairs Department Alfred J. Moran Jr. in accordance with the Code of Ordinances pursuant with Sec. 37-201, 204, and 209 as defended below:

Sec. 37-201. - *Generally;* definitions.

    (a) The regulations and procedures established in this article are established to provide for the regulation of certain cable television rates by the city pursuant to the Cable Act (defined below). Recognizing that the regulatory framework provided under the terms of the Cable Act differs materially from that of the utility regulation provided in this chapter generally, the terms of this article shall exclusively govern the city's cable television regulatory process, and the terms of the balance of this chapter shall not apply, except as may be specifically provided in this article.

    (b) The following words, terms or phrases, when used in this article, shall have the meanings ascribed to them in this section, except where the context clearly indicates a different meaning:

*Cable operator means:* any person or group of persons:

    (1) Who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in a cable system; or

    (2) Who otherwise controls or is responsible for, through any arrangement, the management and operation of a cable system.

**Cable system means:** a cable television system subject to regulation by franchising authorities under the Cable Act.

**Director means:** the director Alfred J. Moran, Jr. of the department of administration and regulatory affairs or the director's designee.

Sec. 37-204. - *Cable operator information.*

(a) The director/Alfred J. Moran Jr., may require the cable operator/Mayor Bill White to produce information in addition to that submitted, including proprietary information, if reasonably needed to assist the city in making a rate determination.

(b) A cable operator providing information requested to be kept confidential, including proprietary information, to the director Alfred J. Moran Jr., for review in connection with a rate submission may make a written request to the director that the information not be made routinely available for public inspection.

Sec. 37-209. - Experts.

> The director/Alfred J. Moran Jr. may, with city council/Peter Brown, Sue Lovell, Melissa Noriega, Ronald Green, Jolanda "Jo" Jones, Toni Lawrence, Jarvis Johnson, and Anne Cluttebuck approval, engage experts such as rate consultants, accountants, auditors, attorneys, engineers, or other experts to conduct investigations, present evidence, advise and represent the city council and assist the city in the evaluation of rate submissions, FCC proceedings, litigation and related proceedings.

Director Michelle Mitchell of the Finance and Administration Department is also implicated as a conspirator in this litigation along with the above mentioned the government officials authorized state actors that commissioned the defendant Houston Media Source to deprive I Hebrew of my rights, privileges, or immunities secured or protected by the Constitution or laws of the United States under the color of law. In pursuant with Title 42§ 1985 and 1986:

> § 1985. Conspiracy to interfere with civil rights: in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.
>
> § 1986. Action for neglect to prevent: Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case;

The City of Houston Mayor Bill White was informed of my claims against the defendant via city attorney Keith Vaughn the Houston City council members Peter Brown, Sue Lovell, Melissa Noriega, Ronald Green, Jolanda "Jo" Jones, Toni Lawrence, Jarvis Johnson, and Anne Cluttebuck. City council were also fully aware of my issues with the defendant Houston Media Source and my claims of the defendant's blatant violation of my constitutional rights via the

emails I sent out to these individuals in plea for their help in my issues with the defendant as the evidence in this case affirm.[5]

Therefore, at issue is not whether the defendant was acting "under color of state law" but in fact it was the fore mention governmental entities that commissioned the defendant's action of violating my first amendment rights. Hence my claims of the defendant's infringement of my federal rights are fairly attributable to the State.

Moreover the traditional definition of "acting under the color of state law" requires that the defendant have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law," and such actions may result in liability even if the defendant abuses the position given to him by the state. A "private actor" may also "act under color of state law" under certain circumstances. For example, it has been held that a physician who contracts with the state to provide medical care to inmates acts under the "color of state law.

The Supreme Court has broadly construed the provision "under color of any statute" to include virtually any state action including the exercise of power of one "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law" (*United States v. Classic,* 313 U.S. 299, 61 S. Ct. 1031, 85 L. Ed. 1368 [1941]). Even if the defendant did not act pursuant to a state statute, I the plaintiff may still show that the defendant acted pursuant to a "custom or usage" that had the force of law in the state. In *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970), moreover the Supreme

---

[5] See Plaintiff Motion Exhibit N.2-N.18

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff Elimelech Shmi Hebrew's Reply to Defendant's Response to Plaintiff's Motion for Judgment on the Pleadings and/or Summary Judgment was served by Certified Mail, Return Receipt to:

Rob Wiley
2203 Timberloch Place
Suite 126
The Woodlands, TX 77380

On August 4, 2010

Elimelech S. Hebrew

Court began to move away from a strict state-action requirement in the 1940s. In *Smith v. Allwright,* 321 U.S. 649, 64 S. Ct. 757, 88 L. Ed. 987 (1944).

As for the courts argument concerning a public forum, the court dicta, is indistinguishable regarding cable access a public forum stating:

> [this Plaintiff], [The plaintiff] in relation to a public forum or a limited public forum.[6]

**B.     State Law Claims**

For this Court to dismiss all of my federal claims against the defendant and exercise supplemental jurisdiction over my state law claims is a travesty and a mockery in this federal litigation case against the defendant. When the defendant has violated the court orders committed perjury and falsified court documents yet no sanctions including dismissal of the action and assessment of fees and costs were ever imposed on the defendant by this court. How absurd and unjust is this court decisions.

**C.     Plaintiff's Request for Discovery**

For this court to imply that my request for discovery in this litigation is irrelevant and has no basis to the fairness and that the court can not fathom what evidence I could have presented before the court through discovery that would change the court's analysis in this case is appalling and bias. If the discovery is irrelevant as this court has suggested then why do the federal court order the plaintiff and the defendant to meet for the Ordered Conference And Disclosure Of Interested Parties and orders to present to the court a Joint Discovery Case/Management Plan Under Rule 26(f) Federal Rules of Civil Procedure. It is to establish and assess for all parties involved fair proceeding for all parties involved in federal litigation lawsuits. Notwithstanding

---

[6] See Memorandum opinion at 15, ¶2

my assertion of the facts establishes a raises a colorable claim affirmed by this court that the governmental entities the City of Houston, Houston City Council, the Director of the Administration and Regulatory Service Utility Regulation Affairs Department were the state actors who facilitated and commissioned the defendant Houston Media Source in its action to deprive I Hebrew the plaintiff of my rights, privileges, or immunities secured or protected by the Constitution or laws of the United States. Even this court notes implies that had I mentioned these governmental entities in my complaint as required I would be successful in my claim under Section 1983.[7]

> "The court notes, however, that Plaintiff's complaint does not allege state action or even mention the City of Houston or any other governmental entity, as would be required for successful claim under Section 1983."

Whereby I assert to this court that it must not dismiss my claim predicated on the basis that I did not mention these governmental entities in my original complaint. I truly had no idea of who was to be implicated in this litigation as the start. It was only during the process of my private investigation and discovery into the defendant's business that the governmental entities were exposed and the role they played in the commission of the defendant via their state authorities allowed the defendant for whatsoever reason to deprive me of my rights by editing, censoring and finally canceling my television series: *"Gather The Lost Children of Israel* subtitle; *Freedom of Speech"* indefinitely.

## IV. Conclusion

I Hebrew has presented to this court the colorable, non-speculative claim that defendant's summary judgment evidence is false based upon the fact there is a nexus between the defendant and the above mentioned government entities. I the plaintiff have shown the court material facts

---

[7] Id, footnote 28 of Memorandum opinion

issues in this litigation. The defendant motion must be disallowed pursuant to Federal Rules of Civil Procedures as I stated.[8] Moreover the facts are evident that the defendants affidavit testimony presented by Mr. Fichman has be proven to be a forgery and false.[9] Thus the court must deny the defendant's Motion for Summary Judgment and recant this court decision to deny as moot and grant my Motion for Judgment on the Pleading and my Motion for Summary Judgment.

---

[8] See Plaintiff's Motion for Judgment (Plaintiff's Motion) on the Pleadings at 3-7
[9] See Plaintiff's Motion Exhibit J.1 and Defendant's Houston Media Source Answer Exhibit C