IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIMELECH SHMI HEBREW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 09-CV-3274 |
| | § | |
| HOUSTON MEDIA SOURCE, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**ORDER**

Pending before the court[1] is Plaintiff's Motion for Reconsideration (Docket Entry No. 24). The court has considered the motion, all relevant filings, and the applicable law. For the reasons set forth below, the court **DENIES** Plaintiff's Motion for Reconsideration.

Plaintiff Elimelech Shmi Hebrew ("Plaintiff") initiated this action on October 9, 2009, mainly asserting various First Amendment civil rights violations pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendant Houston Media Source, Inc. ("Defendant").[2] Plaintiff requested one billion dollars in relief.[3] Both sides moved for judgment on the pleadings and for summary judgment on

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Docket Entry No. 10.

[2] Complaint, Docket Entry No. 1.

[3] Complaint, Docket Entry No. 1, p. 2.

these claims.[4]

On July 20, 2010, the court granted Defendant's motion for summary judgment but allowed Plaintiff time to submit a motion for reconsideration before the court entered final judgment, so that Plaintiff could attempt to raise a colorable, non-speculative claim that Defendant's summary judgment evidence was false.[5] On August 4, 2010, Plaintiff submitted the pending motion for reconsideration.[6]

Although Plaintiff attaches no additional evidence to its motion for reconsideration, the court only asked Plaintiff to outline the evidence he expected to obtain through discovery that would raise a colorable, non-speculative claim against Defendant. However, Plaintiff's motion largely reiterates only the same evidentiary arguments raised as part of the motions for summary judgment and responses thereto that have already been decided by this court.

Plaintiff claims that former City of Houston mayor Bill White; City of Houston Council members Peter Brown, Sue Lovell, Melissa Noriega, Ronald Green, Jolanda Jones, Toni Lawrence, Jarvis Johnson, and Anne Clutterbuck; Director of the City of Houston's

---

[4] Defendant's Motion for Judgment on the Pleadings and/or for Summary Judgment ("Defendant's Motion"), Docket Entry No. 14; Plaintiff's Motion for Judgment on the Pleadings and/or for Summary Judgment ("Plaintiff's Motion"), Docket Entry No. 20.

[5] Memorandum Opinion, Docket Entry No. 23.

[6] Plaintiff's Motion for Reconsideration, Docket Entry No. 24.

Administration and Regulatory Service Utility Regulation Affairs Department Alfred J. Moran, Jr.; and Director of the City of Houston's Finance and Administration Department Michelle Mitchell are all implicated in the cancellation of his programming because the entities of which they are a part "commissioned [Defendant's] action of violating [his] first amendment rights."[7] In support, Plaintiff points to several ordinances of the City of Houston which define "cable operator," Houston, Tex., Code of Ordinances § 37-201, discuss cable operator information, Houston, Tex., Code of Ordinances § 37-204, and experts used in "the evaluation of rate submissions, FCC proceedings, litigation and related proceedings," Houston, Tex. Code of Ordinances § 37-209.[8] Plaintiff also claims that he e-mailed many of the City of Houston officials mentioned above to make them aware of and to ask them to do something about the alleged violation of his constitutional rights.[9]

The entire code division to which Plaintiff refers only covers rate regulation, and the court finds no comparable division that refers to regulation of content. As the court stated in its Memorandum Opinion, "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State . . . ." Blum v. Yaretsky, 457 U.S. 991, 1004 (1982).

---

[7] Id. at 4-7.

[8] Id. at 5-6.

[9] Id. at 6-7.

Further, Plaintiff's assertion that he sent e-mails to the various City of Houston officials named above which to alert them of "[D]efendant's blatant violation of [his] constitutional rights" simply does nothing to transform the actions of Defendant into state action by the City of Houston.  Finally, there is absolutely nothing but pure speculation on the part of Plaintiff that any of the City of Houston officials mentioned above forced Defendant to act in any way with respect to its decisions of when and whether to air Plaintiff's programming.

In sum, Plaintiff has failed to produce any facts in support of his assertion that the City of Houston encouraged, compelled, or was in any way involved in Defendant's decisions with respect to the content of and the termination of Plaintiff's programming. Viewing all allegations in a light most favorable to Plaintiff, then, Plaintiff has failed to establish that, even if all of his factual assertions are true, Defendant's decisions with respect to Plaintiff's programming were fairly attributable to any government official or entity.  Plaintiff is thus not entitled to relief for his First Amendment claims under Section 1983 because there was no state action.

Accordingly, the court **DENIES** Plaintiff's motion for reconsideration.

**SIGNED** in Houston, Texas, this 16th day of August, 2010.

Nancy K. Johnson
United States Magistrate Judge